ACCEPTED
15-25-00028-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
4/28/2025 10:02 AM
CHRISTOPHER A. PRINE
CLERK

**No. 15-25-00028-CV**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
4/28/2025 10:02:09 AM
CHRISTOPHER A. PRINE
Clerk

In the Court of Appeals
for the Fifteenth Judicial District
Austin, Texas

_____

TEXAS STATE UNIVERSITY AND TEXAS STATE UNIVERSITY SYSTEM,

*Defendants-Appellants*,

*v.*

STUART PATRICK WILKINSON,

*Plaintiff-Appellee.*

_____

On Appeal from the 22nd Judicial District Court of Hays County, Texas

_____

**APPELLANTS' BRIEF**

_____

KEN PAXTON
Attorney General of Texas
BRENT WEBSTER
First Assistant Attorney General
RALPH MOLINA
Deputy First Assistant Attorney General
AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation
KIMBERLY GDULA
Chief, General Litigation Division

RACHEL BEHRENDT
Texas Bar No. 24130871
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-4112 | Fax: (512) 320-0667
Rachel.Behrendt@oag.texas.gov

COUNSEL FOR APPELLANTS

**ORAL ARGUMENT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Rule 38.1(a) of the Texas Rules of Appellate Procedure, Appellant herein provides this Court with the following list of parties and the names and addresses of all trial and appellate counsel:

| | |
|---|---|
| *Plaintiff-Appellee* | Stuart Patrick Wilkinson |
| *Attorney for Plaintiff-Appellee (trial and appeal)* | David Junkin<br>Texas Bar. No. 11058020<br>McGlothlin Junkin & Wilde, PC<br>133 W. San Antonio, Suite 400<br>San Marcos, Texas 78666<br>Phone: (512) 392-7510<br>Fax: (512) 395-7520 |
| *Defendants-Appellants* | Texas State University and Texas State University System |
| *Attorney for Defendants-Appellants (trial and appeal)* | Rachel Behrendt<br>Texas Bar No. 24130871<br>Office of the Attorney General<br>General Litigation Division<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548<br>Phone: (512) 475-4112<br>Fax: (512) 320-0667 |

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................ ii

TABLE OF CONTENTS ............................................................................... iii

INDEX OF AUTHORITIES .......................................................................... iv

STATEMENT OF THE CASE .......................................................................x

STATEMENT REGARDING ORAL ARGUMENT ........................................... xi

ISSUES PRESENTED ................................................................................ xii

STATEMENT OF FACTS ..............................................................................1

SUMMARY OF THE ARGUMENT ................................................................3

STANDARD OF REVIEW .............................................................................5

ARGUMENT ..............................................................................................7

I. Wilkinson's TWA Claim Is Barred by Sovereign Immunity. .............................7

    A. *Wilkinson has failed to exhaust his administrative remedies under the TWA.* ..............................................................................9

    B. *Wilkinson's TWA claim is time-barred.* ........................................13

    C. *Defendants did not commit an "adverse personnel action" against Wilkinson under the TWA.* ..............................................14

II. Wilkinson's Free Speech Retaliation Claims Are Barred by Sovereign Immunity. ...................................................................................17

    A. *Wilkinson cannot establish a waiver to sovereign immunity under the federal or state Constitutions.* ...........................................18

    B. *Defendants did not commit an "adverse employment action" against Wilkinson to establish a federal or state free speech claim.* .....................................................................................21

III. Wilkinson's Attempted Tort Claim Is Barred by Sovereign Immunity Because He Failed to Plead a Valid Waiver of Immunity under the TTCA. ..................26

IV. Dismissal with Prejudice is Appropriate. ......................................................27

    PRAYER ..............................................................................................28

# INDEX OF AUTHORITIES

**Cases**

*Anderson v. Houston Cmty. Coll. Sys.*,
458 S.W.3d 633, 640 (Tex. App.—Houston [1st Dist.] 2015, no pet.)......... 22, 23

*Andrade v. NAACP of Austin*,
345 S.W.3d 1, 11 (Tex. 2011) ......................................................................13

*Bastrop Cnty. v. Samples*,
286 S.W.3d 102 (Tex. App.—Austin 2009, no pet.).................................... 12, 13

*Bland Indep. Sch. Dist. v. Blue*,
34 S.W.3d 547 (Tex. 2000)............................................................................5

*Brinkley v. Tex. Lottery Comm'n*,
986 S.W.2d 764, 772 (Tex. App.—Austin 1999, no pet.)...............................6, 19

*Burlington Indus., Inc. v. Ellerth*,
524 U.S. 742 (1998)....................................................................................22

*Caleb v. Carranza,*
518 S.W.3d 537 (Tex. App.—Houston [1st Dist.] 2017, no pet.)......................21

*City of Austin v. L.S. Ranch, Ltd.,*
970 S.W.2d 750 (Tex. App.—Austin 1998)....................................................6, 27

*City of Dallas v. Carbajal*,
324 S.W.3d 537 (Tex. 2010) ........................................................................5

*City of El Paso v. Heinrich,*
284 S.W.3d 366 (Tex. 2009) .......................................................................20

*City of Fort Worth v. Pridgen*,
653 S.W.3d 176 (Tex. 2022) ................................................................... 7, 8, 13

*City of Fort Worth v. Zimlich*,
29 S.W.3d 62 (Tex. 2000)............................................................................16

*City of Houston v. Garcia*,
668 S.W.3d 419 (Tex. App.—Houston [14th Dist.] 2023, no pet.) ............ 7, 8, 13

*City of Madisonville v. Sims*,
620 S.W.3d 375 (Tex. 2020) .......................................................................9, 11

*City of Pasadena v. Poulos*,
   No. 01-22-00676-CV, 2023 WL 7134974 (Tex. App.—Houston [1st Dist.] Oct.
   31, 2023, no pet.) ............................................................................................23

*Dallas Area Rapid Transit v. Whitley*,
   104 S.W.3d 540 (Tex. 2003) ......................................................................6, 26

*Dallas Cnty. Mental Health & Mental Retardation v. Bossley*,
   968 S.W.2d 339 (Tex.1998).................................................................................26

*Davenport v. Garcia*,
   834 S.W.2d 4 (Tex. 1992) (Hecht, J., concurring) .................................................21

*Esparza v. Univ. of Tex. at El Paso*,
   471 S.W.3d 903 (Tex. App.—El Paso 2015, no pet.) ...........................................22

*Garcetti v. Ceballos,*
   547 U.S. 410 (2006).............................................................................................21

*Gregg Cnty. v. Farrar*,
   933 S.W.2d 769 (Tex. App.—Austin 1996, writ denied).....................................13

*Guillaume v. City of Greenville*,
   247 S.W.3d 457 (Tex. App.—Dallas 2008, no pet.) ............................................21

*Haddix v. Am. Zurich Ins. Co.*,
   253 S.W.3d 339 (Tex. App.—Eastland 2008, no pet.).........................................28

*Hall v. McRaven,*
   508 S.W.3d 232 (Tex. 2017) ...............................................................................20

*Hamilton v. Dallas Cnty.*,
   79 F.4th 494 (5th Cir. 2023) (en banc) ...............................................................23

*Harris Cnty. v. Davidson*,
   653 S.W.3d 318 (Tex. App.—Houston [14th Dist.] 2022, no pet.) ......................8

*Harris Cnty. v. Sykes*,
   136 S.W.3d 635 (Tex. 2004) ...................................................................... 27, 28

*Harrison v. Tex. Dept. of Criminal Justice-Institutional Div.*,
   915 S.W.2d 882 (Tex. App.—Houston [1st Dist.] 1995, no pet.)................. 18, 19

*Harvill v. Westward Commc'ns, L.L.C.*,
   433 F.3d 428 (5th Cir.2005) ...............................................................................24

*Hennsley v. Stevens*,

    613 S.W.3d 296 (Tex. App.—Amarillo 2020, no pet.) ...................... 10, 11, 14, 17

*Hernandez v. Dallas Indep. Sch. Dist.*,

    05-17-00227-CV, 2018 WL 1835692 (Tex. App.—Dallas Apr. 18, 2018, no pet.)

    (mem. op.).................................................................................................. 12, 14

*Hosner v. DeYoung*,

    1 Tex. 764 (Tex. 1847) ................................................................................ 18, 19

*In re Parkland Health & Hospital System Litigation*,

    No. 05-17-00670-CV, 2018 WL 2473852 (Tex. App.—Dallas June 4, 2018, no

    pet.) ................................................................................................................24

*Luttrell v. El Paso Cnty.*,

    555 S.W.3d 812 (Tex. App.—El Paso 2018, no pet.) ........................................18

*Manor Indep. Sch. Dist. v. Boson*,

    No. 03–16–00756–CV, 2017 WL 1228880 (Tex. App.—Austin Mar. 29, 2017,

    no pet.) ............................................................................................................24

*Martinez v. Tex. Dep't of Criminal Justice*,

    300 F.3d 567 (5th Cir. 2002) .............................................................................22

*Matzen v. McLane*,

    659 S.W.3d 381, 389 (Tex. 2021) ........................................................................6

*Metro. Transit Auth. of Harris Cty. v. Ridley*,

    540 S.W.3d 91 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) ...................24

*Microsoft Corp. v. Mercieca*,

    502 S.W.3d 291 (Tex. App.—Houston [14th Dist.] 2016, pet. denied)...............16

*Mission Consol. Ind. Sch. Dist. v. Garcia*,

    253 S.W.3d 653 (Tex. 2008) .............................................................................26

*Mitschke v. Borromeo*,

    645 S.W.3d 251 (Tex. 2022) .............................................................................23

*Montgomery County v. Park*,

    246 S.W.3d 610 (Tex. 2007) ...................................................................... 15, 17

*Morales v. Barnett*,

    219 S.W.3d 477 (Tex. App.—Austin 2007, no pet.)...........................................26

*Olivarez v. UT-Austin*,

   No. 03-05-00781, 2009 WL 1423929 (Tex. App.—Austin 2009, no pet.)..........11

*Patel v. Tex. Dep't of Licensing & Regulation*,

   469 S.W.3d 69 (Tex. 2015)...................................................................................6

*Prairie View A&M Univ. v. Chatha*,

   381 S.W.3d 500 (Tex. 2012). ....................................................... 7, 9, 13

*Ramos v. Tex. Dep't of Pub. Safety*,

   35 S.W.3d 723 (Tex. App.—Houston [1st Dist.] 2000, pet. denied))..............6, 27

*Scott v. Godwin*,

   147 S.W.3d 609 (Tex. App.—Corpus Christi–Edinburg 2004, no pet.) ....... 21, 22

*Serna v. City of San Antonio,*

   244 F.3d 479 (5th Cir. 2001) .................................................................22

*Smith v. Univ. of Tex. Sw. Med. Ctr. of Dallas*,

   101 S.W.3d 185 (Tex. App.—Dallas 2003, no pet.) .............................................6

*State v. Biggar*,

   848 S.W.2d 291 (Tex. App.—Austin 1993), aff'd, 873 S.W.2d 11 (Tex. 1994)..19

*State v. Lueck,*

   290 S.W.3d 876.............................................................. 6, 7, 8, 10, 17

*Texas A&M Univ. Sys. v. Koseoglu*,

   233 S.W.3d 835 (Tex. 2007). ....................................................... 13, 19

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.,*

   852 S.W.2d 440 (Tex. 1993) .................................................................5

*Tex. Dep't of Criminal Justice v. Miller*,

   51 S.W.3d 583 (Tex. 2001) .................................................................26

*Texas Dep't of Parks & Wildlife v. Miranda*,

   133 S.W.3d 217 (Tex. 2004) ....................................................... 5, 6, 8, 27

*Tex. Dept. of Transp. v. Barber*,

   111 S.W.3d 86 (Tex. 2003)...................................................................21

*Tex. Dep't of Transp. v. Jones*,

   8 S.W.3d 636 (Tex. 1999).......................................................... 5, 13, 27

*Tex. Dep't of Transp. v. Sefzik*,

   355 S.W.3d 618 (Tex. 2011) .................................................................20

*Tex. Health & Human Services Comm'n v. Cooper*,
   683 S.W.3d 896 (Tex. App.—Austin 2024, pet. filed)................................ 5, 6, 27

*Tex. Lottery Comm'n v. First State Bank of DeQueen*,
325 S.W.3d 628 (Tex.2010)..............................................................................20

*Tex. Nat. Res. Conservation Comm'n v. IT-Davy*,
   74 S.W.3d 849 (Tex. 2002)..............................................................................5

*Tex. Tech Univ. Health Scis. Ctr.-El Paso v. Bustillos*,
   556 S.W.3d 394 (Tex. App.—El Paso 2018, no pet.) ................................... 19, 24

*Town of Shady Shores v. Swanson*,
   590 S.W.3d 544 (Tex. 2019) ..........................................................................6, 13

*Twigland Fashions, Ltd. v. Miller*,
   335 S.W.3d 206 (Tex. App.—Austin 2010, no pet.)...........................................24

*Univ. of Texas v. Poindexter*,
   306 S.W.3d 798 (Tex. App.—Austin 2009, no pet.)................................... 11, 14

*Waffle House, Inc. v. Williams*,
   313 S.W.3d 796 (Tex. 2010) ..........................................................................24

*Whitehead v. Univ. of Tex. Health Sci. Ctr. at San Antonio*,
   854 S.W.2d 175 (Tex. App.—San Antonio 1993, no writ)........................... 19, 24

*Whitley v. Hanna*,
   726 F.3d 631, 638 (5th Cir. 2013), cert. denied, 572 U.S. 1087, 134 (2014) ......18

*Will v. Michigan Dep't of State Police*,
   491 U.S. 58 (1989)................................................................................... 18, 19

*Winters v. Chubb & Son, Inc.*,
   132 S.W.3d 568 (Tex. App.—Houston [14th Dist.] 2004, no pet.) ....................22

**Constitutional Provisions**

Tex. Const. art. I, § 8......................................................... 1, 3, 17, 20, 21
Tex. Const. art. I, § 17....................................................... 16, 20
Tex. Const. art. VII, § 17 ........................................................ 6, 7, 13
U.S. Const. amend. I ................................................................. 1, 3, 21

## Rules

Texas Rule of Appellate Procedure 27.1 ................................................................18

## Statutes

Tex. Civ. Prac. & Rem. Code §101.021 ..........................................................4, 27
Tex. Civ. Prac. & Rem. Code §101.057 ...............................................................27
Tex. Educ. Code § 107.01 *et. seq.* ................................................................7, 13
Tex. Gov't Code § 554.001(3)................................................................... 15, 17
Tex. Gov't Code § 554.002(a) ............................................................ 4, 8, 14, 15
Tex. Gov't Code § 554.005................................................................... 12, 13
Tex. Gov't Code § 554.006(b)................................................................................9

# STATEMENT OF THE CASE

*Nature of the Case:*  This case involves a current state employee's claims alleging that his employers are liable for retaliation under Texas Government Code Chapter 554 (the Texas Whistleblower Act), the First Amendment to the United States Constitution, and Article 8, Section 1 of the Texas Constitution. CR. 47–58; 124–134. Indiscernible tort claims are also alleged. CR. 54. Defendants-Appellants assert that these claims must be dismissed for lack of subject matter jurisdiction because they are barred by sovereign immunity. CR. 59–74; 108–123.

*Trial Court:*  Cause No. 24-1162
Honorable Alicia Key
22nd Judicial District Court
Hays County, Texas

*Trial Court Disposition:*  The trial court denied Defendants-Appellants' Amended Plea to the Jurisdiction on February 28, 2025, after a hearing. CR. 135; RR. 1–38.

**STATEMENT REGARDING ORAL ARGUMENT**

Defendants-Appellants Texas State University and Texas State University System believe oral argument is warranted due to the complex legal issues presented in their Amended Plea to the Jurisdiction. However, Defendants-Appellants stand ready to refrain from oral argument if it is desired by the Court.

# ISSUES PRESENTED

1.  Did the trial court properly deny the Amended Plea to the Jurisdiction of Defendants-Appellants Texas State University and Texas State University System ("Defendants-Appellants")?

2.  Under the Texas Whistleblower Act (the "TWA"), sovereign immunity is only waived for viable claims. In their Amended Plea to the Jurisdiction ("Amended PTJ"), Defendants-Appellants assert that Plaintiff's TWA retaliation claim is barred by sovereign immunity because he cannot establish the claims' viability. Did the trial court properly deny Defendants' Amended PTJ regarding Plaintiff's TWA claim?

3.  State agencies are entitled to sovereign immunity from constitutional claims in state court unless the plaintiff establishes a valid waiver to them. In their Amended PTJ, Defendants-Appellants assert that Plaintiff's free speech retaliation claims are barred by sovereign immunity because he cannot establish a waiver to the claims nor establish the claims' viability. Did the trial court properly deny Defendants' Amended PTJ regarding Plaintiff's free speech retaliation claims?

4.  Under the Texas Tort Claims Act (the "TTCA"), sovereign immunity is waived in limited circumstances. In their Amended PTJ, Defendants-Appellants assert that Plaintiff has failed to establish such a waiver for his tort claim. Did the trial court properly deny Defendants' Amended PTJ regarding Plaintiff's tort claim?

**TO THE HONORABLE FIFTEENTH COURT OF APPEALS:**

Sometime in 2023, Plaintiff-Appellee Stuart Patrick Wilkinson ("Plaintiff" or "Wilkinson") reported a purported whistleblower claim against his employer, Defendant-Appellant Texas State University (or "TXST") to the Federal Bureau of Investigation (the "FBI"). Though he is still employed by the University, Wilkinson has since filed suit against it and the Texas State University System (collectively, "Defendants"), for alleged retaliatory acts under the Texas Whistleblower Act ("TWA"), the First Amendment to the United States Constitution, and Article 1, Section 8 of the Texas Constitution. CR. 47–58. His suit also alleges indiscernible tort claims. CR. 54. But as a threshold matter, *all* Wilkinson's claims are barred by sovereign immunity. Consequently, this case should be dismissed for lack of subject matter jurisdiction. Since the trial court improperly denied Defendants' Amended Plea to the Jurisdiction based on sovereign immunity, this Court should reverse.

## STATEMENT OF FACTS

Wilkinson is employed by Texas State University as a Programmer Analyst I within the University's Division of Information Technology (DoIT). CR. 48. On or about August 17, 2023, he reported alleged violations of several

laws, including the Digital Millennium Copyright Act and the Sarbanes-Oxley Act, to the FBI. CR. 50. Since his report, Plaintiff alleges that the University has retaliated against him in violation of the TWA by subjecting him to a hostile work environment and constructively discharging him, and that his First Amendment rights were violated. CR 51–52. However, Plaintiff is and has been continuously employed by TXST since 1988. CR. 48. He provides no factual allegations detailing when the alleged retaliatory conduct occurred. He also provides no factual allegations detailing when he filed a grievance with TXST about the alleged retaliation.

On November 21, 2024, Defendants filed their Amended Plea to the Jurisdiction ("Amended PTJ") following Wilkinson's filing of an Amended Petition on December 20, 2025. CR. 59–74; 47–58. On February 18, 2025, Wilkinson filed a Response to Defendants' Amended PTJ. CR. 87–104. The following day, the trial court heard Defendants' Amended PTJ, taking all arguments under advisement and permitting each party to file further briefing regarding the Amended PTJ by February 27, 2025. RR. 34–36. All parties filed additional briefing. CR. 108–134. On February 28, 2025, the trial court issued a letter ruling that denied Defendants' Amended PTJ. CR. 135.

## SUMMARY OF THE ARGUMENT

In denying the plea, the trial court failed to recognize that Defendants' entitlement to sovereign immunity from all Wilkinson's claims effectively stripped the court of its subject matter jurisdiction over the case. Accordingly, the instant Court should reverse the trial court's ruling on the Amended PTJ and dismiss the case.

Wilkinson maintains that TXST subjected him to various retaliatory acts—a hostile work environment and constructive discharge—after he submitted his whistleblower's report to the FBI. CR. 51–53. His lawsuit primarily attempts to pin liability for these alleged actions on Defendants under the TWA, the First Amendment to the United States Constitution, and Article I, Section 8 of the Texas Constitution. But he misses the mark each time.

Wilkinson's TWA retaliation claim is not viable and barred by sovereign immunity for three independent reasons. First, Wilkinson failed to exhaust his administrative remedies—a jurisdictional prerequisite to suit—because he never actually reported or filed a grievance with Defendants about the alleged retaliatory behavior before suing them. Second, Wilkinson filed his lawsuit months after the statute of limitations had run. Third, none of

Wilkinson's allegations regarding Defendants' conduct towards him after his whistleblowing incident rise to materially "adverse personnel action[s]" warranting liability under the TWA. Tex. Gov't Code § 554.002(a). Receiving an employee review—which Wilkinson himself does not allege was negative in nature—is a routine matter and not an adverse personnel action.

Wilkinson's "free speech" retaliation claims under the United States and Texas Constitutions are similarly barred by sovereign immunity because he cannot sue the Defendant state agencies directly for such claims. He also cannot establish the claim's viability, in large part because Wilkinson has failed to factually allege any behavior on Defendants' end that would qualify as "adverse employment action[s]" to support a First Amendment retaliation claim.

Defendants are also shielded by sovereign immunity from Wilkinson's indiscernible tort claim, as it does not meet the limited waiver of sovereign immunity under the Texas Tort Claims Act. Tex. Civ. Prac. & Rem. Code § 101.021.

For the aforementioned reasons, the trial court's decision should be reversed and the case remanded accordingly.

## STANDARD OF REVIEW

A plea to the jurisdiction challenges subject matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). "Subject matter jurisdiction is never presumed and cannot be waived." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993). A plaintiff has the burden to establish subject matter jurisdiction. *Id.* at 446. The existence of subject matter jurisdiction is a question of law for the court. *City of Dallas v. Carbajal*, 324 S.W.3d 537, 538 (Tex. 2010). On appeal, decisions on pleas to the jurisdiction are reviewed *de novo*. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

A court does not have subject matter jurisdiction if a plaintiff's claims are barred by sovereign immunity. *Id.* at 225–26. Sovereign immunity provides immunity both from suit and from liability. *Tex. Nat. Res. Conservation Comm'n v. IT-Davy,* 74 S.W.3d 849, 853 (Tex. 2002). Unless the State expressly consents to suit, sovereign immunity from suit defeats a trial court's subject matter jurisdiction in an action against the State or a State entity, and dismissal with prejudice is proper. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999); *Tex. Health & Human Services Comm'n v. Cooper*, 683 S.W.3d 896, 899 (Tex. App.—Austin 2024, pet.

filed); *Ramos v. Tex. Dep't of Pub. Safety*, 35 S.W.3d 723, 734 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (citing *City of Austin v. L.S. Ranch, Ltd.,* 970 S.W.2d 750, 752 (Tex. App.—Austin 1998). "In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity." *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003); *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019) (internal citations omitted). The plaintiff also bears the burden of demonstrating that he complied with all statutory prerequisites to bringing suit, including timely exhausting administrative prerequisites. *Smith v. Univ. of Tex. Sw. Med. Ctr. of Dallas*, 101 S.W.3d 185, 188 (Tex. App.—Dallas 2003, no pet.). A waiver of sovereign immunity does not apply if the claim pled is not viable. *Matzen v. McLane*, 659 S.W.3d 381, 389 (Tex. 2021); *Patel v. Tex. Dep't of Licensing & Regulation*, 469 S.W.3d 69, 77 (Tex. 2015); *Andrade v. NAACP of Austin*, 345 S.W.3d 1, 11 (Tex. 2011); *State v. Lueck,* 290 S.W.3d 876, 882 (Tex. 2009); *Miranda*, 133 S.W.3d at 226–28. Defendants are entitled to sovereign immunity absent a valid waiver because they are state governmental units organized under the Constitution and laws of Texas. Tex. Const. art. VII, § 17;

Tex. Educ. Code § 107.01 *et. seq.*; *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 513 (Tex. 2012)).

**ARGUMENT**

## I.    Wilkinson's TWA Claim Is Barred by Sovereign Immunity.

Under the Texas Whistleblower Act, there is only a *limited waiver of immunity*. Immunity is only waived for viable claims. *City of Houston v. Garcia*, 668 S.W.3d 419, 422 (Tex. App.—Houston [14th Dist.] 2023, no pet.). "Because immunity is waived only for viable claims, the elements of a whistleblower claim are jurisdictional facts necessary for determining whether the [plaintiff's] claim falls within the jurisdictional confines of section 554.0035." *Id.* (citing *City of Fort Worth v. Pridgen*, 653 S.W.3d 176, 181 (Tex. 2022); *see also Lueck*, 290 S.W.3d at 882.

A plaintiff's conclusory allegations that a violation of the TWA has occurred are not sufficient to defeat a plea to the jurisdiction, because "[a]llowing a plaintiff's pleadings to stand on bare allegations, alone, without allowing the State to challenge plaintiff's compliance with [an] immunity statute, would practically eliminate the use of pleas to the jurisdiction, which [courts] have already approved as the proper 'procedural vehicle to challenge subject matter jurisdiction in trial courts for over a century and a half.'" *Lueck*,

290 S.W.3d at 884 (citing *Miranda*, 133 S.W.3d at 232). The question, then, of whether Defendants' immunity from suit has been waived—thereby permitting the Court to exercise subject-matter jurisdiction over Wilkinson's claims—turns on whether Wilkinson has made a viable claim under the TWA.

"The Texas Whistleblower Act was enacted to compel the government's compliance with law by protecting those who inform authorities of wrongdoing." *Garcia*, 668 S.W.3d at 422 (internal quotations omitted) (citing *Harris Cnty. v. Davidson*, 653 S.W.3d 318, 321 (Tex. App.—Houston [14th Dist.] 2022, no pet.)). It provides that "a governmental entity may not take adverse personnel action against a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority." *Id.* (internal quotations omitted) (citing Tex. Gov't Code § 554.002(a)).

Wilkinson has failed to make a valid claim under the TWA; thus, Defendants' immunity remains intact, and Wilkinson's TWA claims must be dismissed in their entirety for want of jurisdiction. *Garcia*, 668 S.W.3d at 425; *see also Pridgen*, 653 S.W.3d at 188.

*A. Wilkinson has failed to exhaust his administrative remedies under the TWA.*

Before an employee files suits on an alleged violation of the TWA, he must "invoke the applicable grievance or appeal procedures not later than the 90th day after the date on which the alleged violation of this chapter occurred or was discovered by the employee through reasonable diligence." Tex. Gov't Code § 554.006(b). Timely administrative exhaustion is a jurisdictional perquisite; failure to timely exhaust his TWA claim renders it barred by sovereign immunity. *City of Madisonville v. Sims*, 620 S.W.3d 375, 379 (Tex. 2020). An employee must "strictly abide by the procedural requirements set out in the [Texas Whistleblower] Act to obtain relief," which "includes the statute of limitations." *Id.* (quoting *Chatha*, 381 S.W.3d at 515).

In his Response to Defendants' Amended PTJ, Wilkinson argues that he "did in fact plead that he timely exhausted his administrative remedies," citing paragraphs 14 and 18 of his Amended Petition. CR. 100. Wilkinson's Reply Brief in Support of Denial of Plea to the Jurisdiction (at CR. 125–26) also states that "Plaintiff has alleged … the reporting the adverse employment action resulting from such [whistleblower] reports in accordance with the University grievance procedure." But Wilkinson's operative Petition only

- 9 -

asserts that he submitted his *whistleblowing report* to the FBI and to the Texas State University System Office of Internal Audit via an online reporting platform. *See* CR. 49–52; 7–10. Critically, Plaintiff has not asserted that he reported any *retaliatory behavior against him* to either Defendant, let alone provide a date that such a grievance was filed.

While his operative Petition (CR. 56) does include a generic, conclusory allegation that he initiated administrative remedies by invoking the University's grievance procedure within 90 days after "the adverse employment action was discovered," he does not identify *what* the adverse employment action was that he grieved or *when* he followed the grievance procedure. For the same reasons, Wilkinson's Reply Brief in Support of Denial of Plea to the Jurisdiction is equally vague, simply asserting that "Plaintiff has alleged … the reporting [of] the adverse employment action resulting from such [whistleblower] reports in accordance with the University grievance procedure." CR. 125–26. Bare legal allegations are insufficient to waive the State's immunity. *Lueck*, 290 S.W.3d at 884. When a plaintiff merely alleges that "he filed grievances regarding 'these actions,' but the timeline remains vague," the petition "lack sufficient information to

affirmatively demonstrate the trial court's jurisdiction." *Hennsley v. Stevens*, 613 S.W.3d 296, 306 (Tex. App.—Amarillo 2020, no pet.).

Courts will not consider undated allegations when analyzing whether sovereign immunity has been waived, because a plaintiff should provide at least an approximate date on which the alleged acts occurred. *Univ. of Texas v. Poindexter*, 306 S.W.3d 798, 808 (Tex. App.—Austin 2009, no pet.).[1] The plaintiff bears the burden of establishing facts related to *timing* of administrative exhaustion. *Id.* Failure to provide dates "deprives the trial court of jurisdiction over any events for which []he did not specify dates." *Id*. Here, Wilkinson fails to provide dates for most of the conduct he alleges constitutes an adverse personnel action,[2] and he fails to provide any date on which he purports to have invoked the University's grievance procedure to report any retaliatory conduct resulting from his whistleblowing activities—let alone

---

[1] As demonstrated by *City of Madisonville*, The Texas Supreme Court has relied on cases addressing Texas Labor Code Chapter 21 claims as analogous in determining when the TWA's limited statutory waiver to sovereign immunity has been properly invoked and all jurisdictional prerequisites have been satisfied. 620 S.W.3d at 379.

[2] Indeed, Wilkinson's failure to provide "even an approximate date on which those alleged acts occurred" requires this court to "not consider the undated allegations in [its] analysis and [to] limit our consideration to [Wilkinson's] claims for discrete acts of alleged discriminatory conduct." *Olivarez v. UT-Austin,* No. 03-05-00781, 2009 WL 1423929 at *3 (Tex. App.—Austin 2009, no pet.).

specifying what retaliatory conduct he allegedly grieved. *Hernandez v. Dallas Indep. Sch. Dist.*, 05-17-00227-CV, 2018 WL 1835692, at \*2–3 (Tex. App.—Dallas Apr. 18, 2018, no pet.) (mem. op.) (examining multiple reports to determine compliance with jurisdictional requirements) (citing omitted). Wilkinson therefore fails to demonstrate that he timely met the TWA's administrative exhaustion requirements for any of the alleged retaliatory conduct that serves as the basis of his TWA claims, and he has not demonstrated a TWA claim that falls within the Act's limited waiver of Defendants' sovereign immunity.

Because Wilkinson failed to notify TXST, his employer, of the alleged retaliatory conduct underlying his current suit against them[3] within 90 days after the date on which the alleged violation occurred or was discovered by him, he has failed to exhaust his administrative remedies for his TWA claim. Tex. Gov't Code § 554.005. Accordingly, Wilkinson's TWA claim is barred by sovereign immunity and must be dismissed for lack of subject matter jurisdiction.[4] *See Bastrop Cnty. v. Samples*, 286 S.W.3d 102, 104 (Tex.

---

[3] *See* CR. 51–53.

[4] Unless the State expressly consents to suit, sovereign immunity from suit defeats a trial court's subject matter jurisdiction in an action against the State or a State entity, and

App.—Austin 2009, no pet.) (citing *Gregg Cnty. v. Farrar*, 933 S.W.2d 769, 774-76 (Tex. App.—Austin 1996, writ denied)). This court should reverse and dismiss Wilkinson's TWA claims as barred by sovereign immunity.

### B. *Wilkinson's TWA claim is time-barred.*

Notably, even if this Court finds that Wilkinson has pled a valid claim under the TWA and that he had sufficiently exhausted his administrative remedies—which he has not—his claim is still barred by TWA's statute of limitations. An employee must sue by the 90th day after the date on which the alleged violation occurred or was discovered by the employee. Tex. Gov't Code § 554.005. Wilkinson claims that he reported an alleged violation of federal law on August 17, 2023, and filed his lawsuit on May 3, 2024. CR. 5, 50. As discussed below and in Defendants' Amended PTJ, Wilkinson fails to demonstrate that he suffered any discernible adverse personnel action within 90 days of May 3, 2024. Although the 90-day limitations period is tolled while

---

dismissal with prejudice is proper. *Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 846 (Tex. 2007). Defendants are entitled to sovereign immunity absent a valid waiver because they are state governmental units organized under the Constitution and laws of Texas. Tex. Const. art. VII, § 17; Tex. Educ. Code § 107.01 *et. seq.*; *Chatha*, 381 S.W.3d at 513. Plaintiff has not asserted any facts showing a waiver of sovereign immunity for any of his claims, as is his duty as plaintiff. *Jones*, 8 S.W.3d at 638; *Swanson*, 590 S.W.3d at 550. Nonviable claims are barred by sovereign immunity. *Andrade*, 345 S.W.3d at 11; *Garcia*, 668 S.W.3d at 422; *Pridgen*, 653 S.W.3d at 181.

the applicable grievance procedure is exhausted, Wilkinson fails to allege any facts from which this court can discern that his suit is timely, as is his burden. *Poindexter*, 306 S.W.3d at 808. Moreover, when a plaintiff alleges multiple reports of retaliatory conduct in support of his whistleblower claim, each report must be evaluated for compliance with Texas law. *See Hernandez*, 05-17-00227-CV, 2018 WL 1835692, at *2–3, (examining multiple reports to determine compliance with jurisdictional requirements); *Hennsley*, 613 S.W.3d at 306. Wilkinson does not allege facts demonstrating that he timely filed suit within 90 days after grieving any purportedly retaliatory conduct that he suffered, let alone each instance of undated retaliatory conduct. Accordingly, his claim is barred by the TWA's statute of limitations and the trial court's denial of Defendants' Amended Plea to the Jurisdiction should be reversed.

> C.  *Defendants did not commit an "adverse personnel action" against Wilkinson under the TWA.*

Texas Government Code section 554.002(a) provides that "[a] governmental entity may not take adverse personnel action against a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law

- 14 -

enforcement authority." In this context, adverse personnel action "means an action that affects a public employee's compensation, promotion, demotion, transfer, work assignment, or performance evaluation." Tex. Gov't Code § 554.001(3). "[F]or a personnel action to be adverse within the meaning of the Act, it must be material, and thus likely to deter a reasonable, similarly situated employee from reporting a violation of the law." *Montgomery County v. Park*, 246 S.W.3d 610, 612 (Tex. 2007). Factors suggesting a personnel action is materially adverse include whether the action negatively affected the employee's (1) pay or income; (2) ability to obtain outside employment; (3) prestige; (4) opportunity for advancement; or (5) working conditions. *See id.* at 615. However, "the presence or absence of any one of these factors is not dispositive." *Id.* Purely subjective adversity does not satisfy the adverse personnel action standard. *Id.* at 616 n.9.

Wilkinson is still employed by Texas State University. CR. 48. In his First Amended Petition, he alleges that the University retaliated against him in violation of the TWA by subjecting him to a hostile work environment and by constructively discharging him. CR. 51–53. He otherwise claims that since submitting his whistleblower's report, his employer and colleagues have shunned him, denied him unspecified and undated promotional opportunities,

and deprived him of "networking and social interactions." CR. 51–53. According to Wilkinson, Defendants "embarked on a concerted effort to create for Plaintiff a hostile work environment with the intent to … fabricate performance reviews with the purpose of creating a pretext to demote, not promote, or fire Plaintiff and/or to reduce Plaintiff's pay, deny pay raises, deny promotional opportunities, and/or limit employment benefits." CR. 53.

For multiple reasons, these allegations do not constitute materially adverse personnel actions under the TWA. First, Wilkinson's continuous state of employment at Texas State University disproves his claim of constructive discharge. *Microsoft Corp. v. Mercieca*, 502 S.W.3d 291, 312 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (holding that an employee's resignation is an element of a constructive discharge claim). Second, Wilkinson's failure to promote allegation must itself fail as he has not identified any denied promotion he applied for nor demonstrated any causal link between a denied promotion and his reporting of illegal conduct. *City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 70 (Tex. 2000).

Third, Wilkinson does not allege that his employer actually reduced his pay, limited his employment benefits, or demoted him; rather, Wilkinson simply speculates that his performance reviews—which all Texas State

University employees receive—have "create[d] a pretext" for his employer to take some adverse action in the future.[5] CR 53. But he does not allege that he has actually suffered any of these personnel actions, let alone provides a date on which such an action occurred. Tex. Gov't Code § 554.001(3); *Hennsley*, 613 S.W.3d 306; *Park*, 246 S.W.3d at 612; *Lueck*, 290 S.W.3d at 884. Finally, Wilkinson has not demonstrated how any incident of "shunning" was objectively adverse, let alone material. *Park*, 246 S.W.3d at 612.

Wilkinson failed to allege an "adverse personnel action" under the TWA, rendering his claim nonviable and barred by sovereign immunity. This Court should reverse the trial court's order and dismiss Wilkinson's claims.

## II. Wilkinson's Free Speech Retaliation Claims Are Barred by Sovereign Immunity.

According to Wilkinson, "Defendant was motivated by Plaintiff's speech to terminate him for engaging in protected speech in violation of the United States Constitution and Article 1, Section 8 of the Texas Constitution when it constructively terminated Plaintiff for engaging in constitutionally protected free speech." CR. 53. Ignoring that Wilkinson has not been terminated or constructively terminated, Wilkinson also contends that "[t]he

---

[5] Nor does Plaintiff allege that said performance reviews were negative.

Defendants offer no legal support for their apparent contention that they are immune from suit for violations of Plaintiff's free speech rights" and that "[s]overeign immunity does not bar a suit to vindicate constitutional rights." CR. 55. The opposite is true.

A.    *Wilkinson cannot establish a waiver to sovereign immunity under the federal or state Constitutions.*

Federal constitutional claims fall under section 1983. *See Luttrell v. El Paso Cnty.*, 555 S.W.3d 812, 841 (Tex. App.—El Paso 2018, no pet.) (citing *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), cert. denied, 572 U.S. 1087, 134 (2014)) (the conduct challenged in a section 1983 action "must deprive the plaintiff of a right secured by the Constitution or the laws of the United States."). Sovereign immunity bars section 1983 claims against state agencies such as Defendants because that statute does not abrogate state sovereign immunity, and Texas has not waived immunity to claims brought thereunder. *See, e.g., Koseoglu*, 233 S.W.3d at 839 (Tex. 2007) (no waiver of sovereign immunity); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67 (1989) (no abrogation because "in enacting § 1983, Congress did not intend to override well-established immunities or defenses under the common law"); *Hosner v. DeYoung*, 1 Tex. 764, 769 (Tex. 1847) ("A state

cannot be sued in her own courts without her own consent, and then only in the manner indicated by that consent"). Importantly, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Harrison v. Tex. Dept. of Criminal Justice-Institutional Div.*, 915 S.W.2d 882, 889 (Tex. App.—Houston [1st Dist.] 1995, no pet.) (quoting *Will*, 491 U.S. at 71). Section 1983 claims may only be brought against a person, and an "arm of the state"—e.g., a state agency such as Defendants—does not qualify as a person under the statute. *Brinkley v. Tex. Lottery Comm'n*, 986 S.W.2d 764, 772 (Tex. App.—Austin 1999, no pet.); *State v. Biggar*, 848 S.W.2d 291, 295 (Tex. App.—Austin 1993), aff'd, 873 S.W.2d 11 (Tex. 1994) (citing *Will*, 491 U.S. at 66–67) (holding, inter alia, that "the State is not a person for purposes of section 1983"); *Tex. Tech Univ. Health Scis. Ctr.-El Paso v. Bustillos*, 556 S.W.3d 394, 400 (Tex. App.—El Paso 2018, no pet.) (citing *Whitehead v. Univ. of Tex. Health Sci. Ctr. at San Antonio*, 854 S.W.2d 175, 180 (Tex. App.—San Antonio 1993, no writ) ("A state agency is an arm of the state and is shielded by the sovereign immunity available to the state government)).

Accordingly, since Wilkinson has failed to show a waiver of sovereign immunity for his section 1983 claim against Defendants and Section 1983 claims cannot be brought directly against a state agency like Defendants, his

First Amendment claims should be dismissed for lack of subject matter jurisdiction. This Court must reverse the trial court's contrary decision.

Similarly, to the extent that Wilkinson alleges that his free speech rights were violated under Article I, Section 8 of the Texas Constitution, this claim must be dismissed for lack of subject matter jurisdiction as all claims under the Texas Constitution against a state entity other than those brought under its takings clause (Article I, Section 17) are barred by sovereign immunity. CR. 53. With the limited exception of challenging the validity of a state statute—which is not at issue here—a state entity like Texas State University or Texas State University System has sovereign immunity from Texas constitutional claims. *Hall v. McRaven,* 508 S.W.3d 232, 238 (Tex. 2017); *Tex. Dep't of Transp. v. Sefzik,* 355 S.W.3d 618, 621 (Tex. 2011); *Tex. Lottery Comm'n v. First State Bank of DeQueen,* 325 S.W.3d 628 (Tex.2010); *City of El Paso v. Heinrich,* 284 S.W.3d 366, 372–73 (Tex. 2009). As Wilkinson has not demonstrated a waiver to sovereign immunity under the Texas Constitution, his free speech claims against Defendants must be dismissed for lack of subject matter jurisdiction.

B.	*Defendants did not commit an "adverse employment action" against Wilkinson to establish a federal or state free speech claim.*

Even if Wilkinson *had* pled a valid free speech claim against a proper defendant—which he has not—Wilkinson cannot demonstrate the first element in a First Amendment retaliation analysis and therefore cannot establish a viable claim.[6]

"The First Amendment protects public employees against retaliation for the exercise of their free-speech rights under some circumstances." *Guillaume v. City of Greenville*, 247 S.W.3d 457, 463 (Tex. App.—Dallas 2008, no pet.) (citing *Garcetti v. Ceballos,* 547 U.S. 410, 126 S.Ct. 1951, 1957 (2006)). A First Amendment retaliation claim has four (4) elements:

> (1) an adverse employment action; (2) speech involving a matter of public concern; (3) the employee's interest in commenting on matters of public concern outweighs the

---

[6] As Wilkinson has not demonstrated "any arguments based on the text, history, or purpose of [Article 1], Section 8 [of the Texas Constitution] that it provides them any greater protection in this context than that provided by the First Amendment, [the Court] may rely upon persuasive authorities applying free-speech protections under both the federal and Texas constitutions." *Caleb v. Carranza,* 518 S.W.3d 537, 543–44 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (citing *Tex. Dept. of Transp. v. Barber*, 111 S.W.3d 86, 106 (Tex. 2003)); *Davenport v. Garcia*, 834 S.W.2d 4, 40 (Tex. 1992) (Hecht, J., concurring) ("When state and federal provisions overlap or correspond, state law, as well as federal law and the law of other states, may be helpful in analyzing their proper application.").

> employer's interest in efficiency; and (4) the speech must have motivated the adverse employment action.

*Scott v. Godwin*, 147 S.W.3d 609, 616 (Tex. App.—Corpus Christi–Edinburg 2004, no pet.) (citing *Serna v. City of San Antonio,* 244 F.3d 479, 482 (5th Cir. 2001)). If a plaintiff makes a sufficient prima facie showing of a First Amendment retaliation claim, "the defendant must prove by a preponderance of the evidence that, regardless of the protected conduct, it would have taken the same action against the plaintiff." *Martinez v. Tex. Dep't of Criminal Justice*, 300 F.3d 567, 576 (5th Cir. 2002) (citation omitted).

"[A]n adverse employment action requires a significant change in employment status." *Esparza v. Univ. of Tex. at El Paso*, 471 S.W.3d 903, 909 (Tex. App.—El Paso 2015, no pet.) (citing *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 761 (1998)). "Generally, adverse employment decisions involve hiring, granting leave, discharging, promoting, and compensating employees." *Anderson v. Houston Cmty. Coll. Sys.*, 458 S.W.3d 633, 640, 644 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (citing *Winters v. Chubb & Son, Inc.*, 132 S.W.3d 568, 575 (Tex. App.—Houston [14th Dist.] 2004, no pet.)). "Adverse employment actions do not include disciplinary filings, supervisor's reprimands, poor performance

reviews, hostility from fellow employees, verbal threats to fire, criticism of the employee's work, or negative employment evaluations." *Anderson*, 458 S.W.3d at 644 (citations omitted). Although the Fifth Circuit recently relaxed this standard in *Hamilton v. Dallas Cnty.*, 79 F.4th 494, 499–502 (5th Cir. 2023) (en banc) as it relates to Title VII discrimination claims, this relaxed standard has not been applied in the First Amendment context and is not otherwise binding on Texas state courts evaluating state law claims. *City of Pasadena v. Poulos*, No. 01-22-00676-CV, 2023 WL 7134974, at *10 n.1 (Tex. App.—Houston [1st Dist.] Oct. 31, 2023, no pet.) (holding that "Fifth Circuit precedent, although persuasive authority, is not binding on this Court. In the absence of contrary authority from the Texas Supreme Court or this Court sitting en banc, we continue to be bound by our prior precedent holding that the TCHRA's anti-discrimination provision only applies to 'ultimate employment decisions.'"); *Mitschke v. Borromeo*, 645 S.W.3d 251, 256 (Tex. 2022) (stating that under principles of horizontal stare decisis, panel of appellate court must follow "materially indistinguishable decisions of earlier panels of the same court" unless prior decision has been superseded by higher authority, such as decision by Texas Supreme Court or "an en banc decision of the court of appeals itself.").

For a discrimination claim, in lieu of demonstrating an adverse action such as termination or constructive discharge, "the plaintiff can show that [he] remained in [his] position and endured a hostile work environment." *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 805–06 (Tex. 2010). However, the hostile work environment must be based on discriminatory conduct that is based on a protected class. *Id.*; *see also Twigland Fashions, Ltd. v. Miller*, 335 S.W.3d 206, 218 (Tex. App.—Austin 2010, no pet.); *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 434 (5th Cir.2005). Texas does not recognize claims for retaliatory hostile work environment. *In re Parkland Health & Hospital System Litigation*, No. 05-17-00670-CV, 2018 WL 2473852, at *8 (Tex. App.—Dallas June 4, 2018, no pet.); *see also Manor Indep. Sch. Dist. v. Boson*, No. 03–16–00756–CV, 2017 WL 1228880, *2 n. 4 (Tex. App.—Austin Mar. 29, 2017, no pet.); *cf. Metro. Transit Auth. of Harris Cty. v. Ridley*, 540 S.W.3d 91, 99 (Tex. App.—Houston [1st Dist.] 2017, pet. denied).

Here, Wilkinson has failed to demonstrate he suffered any adverse employment action whatsoever. CR. 47–58. Wilkinson claims his First Amendment rights were violated when he was "terminated [] for engaging in constitutionally protected free speech." CR. 53. But Defendants have not

taken *any* adverse action against Wilkinson; he was never terminated and continues to be employed by the University. CR. 52. Wilkinson's contention that he "suffered an adverse employment action when he was constructively terminated, intentionally not included in a networking opportunity that he had historically been a part of, singled out and essentially shunned" is meritless, as none of those allegations rise to the level of an adverse employment action for purposes of First Amendment retaliation claims.

To the extent Wilkinson alternatively attempts to raise a hostile work environment claim, that also fails because Texas does not recognize retaliatory hostile work environment as a viable claim and Wilkinson has not pled facts which demonstrate he was otherwise subjected to discriminatory treatment because of any protected class. CR. 47–58. Because any allegation of termination is meritless and Wilkinson has failed to plead any other viable adverse employment action whatsoever, Wilkinson's First Amendment retaliation claims fail without any further analysis required and should be dismissed for want of jurisdiction.

**III. Wilkinson's Attempted Tort Claim Is Barred by Sovereign Immunity Because He Failed to Plead a Valid Waiver of Immunity under the TTCA.**

The Texas Tort Claims Act ("TTCA") is the only avenue for recovery of torts against a governmental defendant. *See Mission Consol. Ind. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008). The TTCA "provides a limited waiver of sovereign immunity, allowing suits to be brought against governmental units only in certain, narrowly defined circumstances." *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001); *see also Dallas Cnty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 341 (Tex.1998); Tex. Civ. Prac. & Rem. Code §101.021. "In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity." *Morales v. Barnett*, 219 S.W.3d 477, 481 (Tex. App.—Austin 2007, no pet.) (citing *Dallas Area Rapid Transit*, 104 S.W.3d at 542.

Wilkinson has done no such thing here. Not only has he failed to plead a discernible tort claim, CR. 100, Wilkinson has failed to allege a valid waiver of immunity as required for suit against a government entity under the TTCA.

As such, Defendants retain their immunity, and Wilkinson's claim must be dismissed.[7]

## IV. Dismissal with Prejudice is Appropriate.

Dismissal with prejudice is appropriate when the pleadings affirmatively negate the existence of jurisdiction because of the sovereign immunity bar, as is the case here. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004); *Jones*, 8 S.W.3d at 638 (Tex. 1999); *Cooper*, 683 S.W.3d at 899; *Ramos*, 35 S.W.3d at 734 (citing *L.S. Ranch, Ltd.,* 970 S.W.2d at 752). "If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Miranda*, 133 S.W.3d at 227. Additionally, dismissal with prejudice is appropriate when a plaintiff has had an opportunity to amend after the governmental entity filed its plea and the amended pleading still does not state

---

[7] Further, to the extent that Wilkinson has alleged an intentional tort claim, it is explicitly barred by sovereign immunity under the TTCA. The State of Texas has not expressly waived sovereign immunity for claims involving intentional torts, as the TTCA's limited waiver of sovereign immunity for certain tort claims does not apply to claims "arising out of assault, battery, false imprisonment, *or any other intentional tort*." Tex. Civ. Prac. & Rem. Code § 101.057(2) (emphasis added). To the extent that Wilkinson has pled a negligence claim, it too remains barred by sovereign immunity under the TTCA because the State of Texas has only expressly waived sovereign immunity for negligence claims that assert "property damage, personal injury, or death [that] arises from the operation or use of a motor-driven vehicle or motor-driven equipment" by a state employee. Tex. Civ. Prac. & Rem. Code § 101.021.

a claim in avoidance of sovereign immunity, which is the case at hand. *Sykes*, 136 S.W.3d at 639. Dismissal with prejudice is additionally supported where, as here, the plaintiff does not advise the trial court what the plaintiff could plead differently that would remedy any of the Amended Petition's jurisdictional shortfalls. *Haddix v. Am. Zurich Ins. Co.,* 253 S.W.3d 339, 347 (Tex. App.—Eastland 2008, no pet.). Wilkinson had opportunities to amend and attempt to cure the jurisdictional deficiencies with his claims after Defendants filed their Plea to the Jurisdiction—and he did in fact amend his Petition after the Plea's filing—but Wilkinson has failed to cure the jurisdictional deficiencies or demonstrate to the trial court an ability to do so. The trial court's denial of the plea to the jurisdiction should be dismissed, and this Court should dismiss Wilkinson's claims with prejudice.

### PRAYER

For the foregoing reasons, the Court should reverse the decision of the trial court and remand the case.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil
Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/ Rachel L. Behrendt*
**RACHEL L. BEHRENDT**
Texas Bar No. 24130871
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4112
Facsimile: (512) 320-0667
Rachel.Behrendt@oag.texas.gov

*Counsel for Defendants-Appellants Texas
State University and Texas State University
System*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been filed via the Court's electronic filing system to all counsel of record on April 28, 2025.

David Junkin
McGlothin Junkin & Wilde, PC
133 W. San Antonio, Suite 400
San Marcos, Texas 78666
(512) 392-7510
(512) 395-7520 Fax
david@mcglothlinlaw.com

***Counsel for Plaintiff***

*/s/ Rachel L. Behrendt*
**RACHEL L BEHRENDT**
Assistant Attorney General


## CERTIFICATE OF WORD COUNT COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I certify that this document contains 5,906 words, excluding those sections listed in Texas Rule of Appellate Procedure 9.4(i)(1).

*/s/ Rachel L. Behrendt*
**RACHEL L BEHRENDT**
Assistant Attorney General

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ariana Ines on behalf of Rachel Behrendt
Bar No. 24130871
ariana.ines@oag.texas.gov
Envelope ID: 100146700
Filing Code Description: Brief Requesting Oral Argument
Filing Description: APPELLANTS BRIEF
Status as of 4/28/2025 10:16 AM CST

Associated Case Party: Texas State University System

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Rachel L. Behrendt | | Rachel.Behrendt@oag.texas.gov | 4/28/2025 10:02:09 AM | SENT |

Associated Case Party: Texas State University

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Rachel L. Behrendt | | Rachel.Behrendt@oag.texas.gov | 4/28/2025 10:02:09 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ariana Ines | | ariana.ines@oag.texas.gov | 4/28/2025 10:02:09 AM | SENT |

Associated Case Party: StuartPatrickWilkinson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David PatrickJunkin | | david@mcglothlinlaw.com | 4/28/2025 10:02:09 AM | SENT |